EDGERLY v. THE FARMERS' INSURANCE COMPANY.

1. **Insurance; WAIVER OF PRELIMINARY PROOF: EVIDENCE.** The assured having testified that he delivered to the adjusting agent of the company a paper containing a notice and estimate of his loss, and was told it was sufficient, and another witness having testified that the agent, upon being asked if any further notice or anything was required, answered there was not, it was *held* that a waiver of further preliminary proof might be inferred.

2. ———: ———: AGENT. The policy stipulating that the preliminary proof should be delivered at the office of the company, a delivery to any officer in charge of the office was sufficient, and such officer was authorized to waive any further proof than that submitted.

3. ———: ———: EVIDENCE. The paper delivered to the agent as preliminary proof was admissible only to establish the waiver, and not as evidence of the extent of plaintiff's damage.

4. ———: ———: INSTRUCTION. The submission to the jury of the question of waiver of preliminary proof was not erroneous, under an averment that the paper served was accepted as preliminary proof.

*Appeal from Linn District Court.*

TUESDAY, JUNE 11.

ACTION upon a policy of insurance against damage by light-

ning.   The defendant claims that the damage in question was not caused by lightning, but by a tornado.   As to what the cause of the damage was the evidence is such as to leave the question in great doubt.   But the company sets up other defenses.   One of the conditions of the policy is that in case of loss the assured shall, within thirty days, deliver at the office of the company in Cedar Rapids a particular account of the loss, signed and sworn to by the assured.   This condition of the policy was not complied with.   In the petition as originally drawn there was no averment that it had been, nor that the proofs of loss were waived.   A recovery, however, was had, and upon appeal to this court the case was reversed. 43 Iowa, 587.   Before the trial from which this appeal was taken an averment was added to the petition, by amendment, that the preliminary proofs were waived.   This the company denies, and one of the principal questions in the case is as to whether they were waived or not.   The facts relied upon to show a waiver, and which, under the evidence, the jury was justified in finding to be true, are as follows: The plaintiff within the thirty days delivered at the office of the company in Cedar Rapids a notice of loss and a paper, which is in these words:

"We, William M. Sawyer, Calvin R. Read and W. J. Beeks, of Linn county, Iowa, do under oath say that we verily believe that G. C. Edgerly's frame barn was struck by lightning on the 8th day of June, 1874, and that the damage to said barn is four thousand five hundred dollars: two horses, one hundred and eighty dollars; grain and hay, one hundred and fifty dollars; farm implements, twenty-five dollars; that we have fairly and impartially assessed the damages on said property, and we are in no manner interested in said property.

"Wm. M. Sawyer,
"C. R. Read,
"W. J. Beeks."

This statement was sworn to by the subscribers before a justice of the peace.   There was also appended a certificate

of the justice of the peace to the effect that he was the nearest magistrate; that he was not related to the assured, nor concerned in the loss; that he had made a personal examination of the premises and of the circumstances of the loss, and knows of his personal knowledge of the same, and believes that the loss had been sustained by the assured without fraud or evil practice on his part. These papers, including the sworn statement above set out, were delivered to one Bennett, a special and adjusting agent of the company, accustomed to receive notices of loss, and occupying the home office of the company at Cedar Rapids. The plaintiff asked Bennett, according to his own testimony, if he required any more notice, and Bennett said it was sufficient and he would come up and see about it. According to the testimony of one Akers, plaintiff asked Bennett if any further notice or *anything* was required, and he said there was not. Bennett expressed some doubt as to whether the . damage was not done by wind, and said if it was they would not pay, but if it was done by lightning they would. It does not appear that any paper was spoken of by either party as proof of loss. The premises were examined by Bennett. Other facts are stated in the opinion. There was a trial by jury, and verdict for plaintiff. Defendant appeals.

*I. M. Preston & Son*, for appellant.

*Young, Thompson & Davis*, for appellees.

ADAMS, J.—I. If nothing but the notice of loss had been delivered to Bennett, and he had been asked if it was sufficient, and in reply he said that it was, that could not be considered as a waiver of preliminary proof. *Desilver v. State Mut. Ins. Co.*, 38 Penn. St., 130. Bennett, in such case, might well have supposed that the plaintiff intended to deliver some other paper as preliminary proof, and only claimed for the paper delivered that it was a notice of loss. But something besides the notice was delivered, and that something was evidently

1. INSURANCE: waiver of preliminary proof: evidence.

enough an attempt, however feeble, to make preliminary proof. Now, if Bennett was asked, as Akers says he was, if *anything* further was required, and he said there was not, we think that constituted a waiver of preliminary proof so far as Bennett had power to bind the company in that respect. It is contended, however, that we must take the plaintiff's testimony alone as to what was said, and throw out Akers', and that, taking his alone, it would appear that he inquired only if the notice was sufficient. The plaintiff appears upon his examination and cross-examination to have been considerably confused. It is by no means certain that he had any definite idea of the difference between notice and preliminary proof, or of what was required in the matter. If so, not much reliance can be placed upon his memory as to the precise language used. He might have inquired if any further notice or anything was required, just as Akers says he did, and have forgotten that he used the word *anything*. He does not say that he did not use it. Now Akers was the justice of the peace who administered the oath to the persons who made the sworn statement, and the justice who made the certificate as nearest magistrate. He went along with the plaintiff to the company's office to see the business transacted. Having participated in making the paper, which was something besides notice, and being interested, as we may presume, to know whether that paper was sufficient, his testimony is entitled to weight, and we should not be justified in holding that it should not be considered where it goes further than the plaintiff's.

II. Upon this point there only remains to be determined whether Bennett had power to make a valid waiver. It is not

2. ——: ——: probable that any agent or officer of the company
<sub>agent.</sub> was expressly authorized to do it. If, however, it had been provided in the policy that the preliminary proof should be delivered to any particular person, doubtless such person would have had authority to examine whatever was delivered as preliminary proof, and waive any defects which

he might discover therein. But in this policy it is provided only that it should be delivered at the office of the company in Cedar Rapids. Under such provision we think that a delivery to any officer or agent of the company at the office, and apparently in charge of it, would be sufficient. That the delivery in this case was made to the proper person we have no doubt. He was one of the occupants of the office, and the company's adjusting agent. He was accustomed to receive notices of loss, and to act upon the notices by proceeding to make an examination. If Bennett was authorized to receive the preliminary proof, we think his waiver of any defect therein would bind the company, unless his authority in that respect was expressly limited, and the plaintiff had notice of such fact.

III. The paper delivered to Bennett, as preliminary proof
3. ___:___: of loss, was admitted in evidence, against the
evidence. defendant's objection. As a part of the evidence of waiver it was admissible. It was not evidence of the extent of the plaintiff's damage. If the defendant apprehended that the jury might so consider it, it should have asked an instruction limiting the effect of the paper as evidence.

IV. The defendant asked the court to give an instruction which is in these words: "You are instructed that it is incumbent upon the plaintiff to prove what interest he had in the property at the time of the loss, and whether there was any other insurance on the property, whether the property was incumbered, and the extent thereof, and that the plaintiff has complied with the conditions named in the policy to be performed upon his part; otherwise you will find for the defendant." The court refused the instruction, and the refusal is assigned as error.

It was necessary for the plaintiff to prove that he had sustained damage as alleged, and the jury was virtually so instructed in the tenth instruction. There is no warranty in the policy that no other insurance had been or would be effected upon the property, and no warranty that the property

was not incumbered. It was not incumbent, therefore, upon the plaintiff to prove that there was no other insurance and no incumbrance upon the property. There was, it is true, one condition to be performed unless waived—the making of the preliminary proof—and upon this the jury was fully instructed.

V. The defendant complains of an instruction given, which was to the effect that if the plaintiff had sustained loss as alleged, and served upon the company notice of the loss, and a particular account of the loss, containing all the information required by the terms of the policy, etc., the plaintiff would be entitled to recover. It is urged by defendant that there is neither averment nor evidence that preliminary proof was made as required by the policy, and that the jury should not have been instructed upon the supposition that they might so find. We are inclined to think that this instruction should not have been given, but the error was without prejudice, because the jury found specially that the preliminary proof was waived.

VI. The defendant complains of the fifth instruction, 4. ——:——; which submits to the jury the question of waiver of preliminary proof. This instruction is assailed upon the ground that the petition contains no averment that preliminary proof was waived. It avers, however, that the paper served was accepted as proof. That certainly is a waiver of any other proof.

*instruction.*

VII. The defendant complains of the seventh instruction, upon the ground that it assumes a fact not proven, to-wit: that plaintiff went to the office of the company and inquired for the proper person with whom to transact his business, and was referred by the clerks to Bennett. This is not precisely in accordance with the evidence. The evidence shows that plaintiff, upon going in, inquired for Bennett, who was not in, and was told that he would soon be in. But, according to the view which we have taken of the case, Bennett's authority did not depend upon any such fact as was supposed

in the instruction, but upon facts which he himself testified to, and which are undisputed.

VIII. The defendant complains that the verdict is contrary to the evidence, but it is not so clearly so as to justify our interference.

Some other errors are assigned, but we think that they are covered by the views which we have expressed.

AFFIRMED.