## Stevens v. The Citizens' Ins. Co. et al.

1. **Fire Insurance:** WAIVER OF NOTICE OF LOSS: AUTHORITY OF ADJUSTING AGENT. An agent of an insurance company, who has full authority to do whatever is necessary in the adjustment of a loss, has authority to waive a provision in the policy that the assured shall give immediate notice of the loss in writing to the company, notwithstanding

the policy provides that the company shall not be bound by the acts or declarations of its agents not contained in the policy.

2. ———: PROVISION AGAINST OTHER INSURANCE: NOT VIOLATED BY EXISTENCE OF VOID POLICY. The policy in question provided: "This policy shall become void    *    *    *    if the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof." *Held* that the provision was not violated by the existence, at the time the policy in question was issued, of another policy, which had not yet expired as to the time therein named, but which had become absolutely void by its terms, on account of the violation of its provisions by the assured.

3. ———: ACTION ON POLICY BY ASSURED: INTERVENTION OF BENEFI-CIARY: LIMITATION OF TIME IN POLICY. The policy in suit was made to plaintiff, and provided that the loss, if any, on certain of the insured property, should be paid to L., as his interest might appear. It also provided that no action on the policy should be commenced more than twelve months after the loss. Plaintiff brought his action within the twelve months to recover for the whole loss, but after the expiration of the twelve months L. intervened and claimed judgment as against both parties for his interest in the proceeds of the policy. *Held* that, as plaintiff was entitled to maintain an action for the entire proceeds, under § 2544 of the Code, the action was brought in time, and that it could not be defeated as to such portion of the proceeds as the inter-venor showed himself entitle to, on the ground that he did not intervene within the twelve months.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 23.

PLAINTIFF brought an action on a policy of insurance against loss and damage by fire. The property insured was a one-story frame warehouse, and a stock of grain-cleaning and mill-wright machinery therein. The amount of the insurance on the building was $25, and on the machinery it was $975. The policy contained a provision that the loss, if any, on the machinery was payable to George H. Lane, mort-gagee, as his interest might appear. The insured property was totally destroyed by fire on the twentieth of October, 1883. The mortgage to Lane, which secured $1,420, was unsatisfied when the loss occurred. The policy contains the following provisions:

"(1) When a fire has occurred injuring the property herein described, the assured   *   *  ·   *   shall give immediate notice of loss in writing to this company.

"(2) A particular statement of the loss shall be rendered to this company as soon after the fire as possible, signed and sworn to by the assured.   *   *   *"

"(6) The adjusted claim under this policy shall be due and payable sixty days after the full completion by the assured of all the requirements herein contained."

"(9) It is expressly provided that no suit or action against this company for recovery of any claim by virtue of this policy shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless such suit or action shall be commenced within twelve months next after the fire shall have occurred; and, should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim."

Also the following: "This company shall not be bound, under this policy, by any act of or statement made to or by any agent or other person which is not contained in this policy, or in any written paper above." "This policy shall become void unless consent in writing is indorsed by the company herein in each of the following instances:   *

  *   *   If the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof."

On the thirtieth of October, after the loss, plaintiff furnished the sworn statement required by the second provision of the policy quoted above, but he never gave the written notice of the fire required by the first provision quoted. On the first day of August, 1882, plaintiff and intervenor, who then owned the personal property covered by the policy, as partners, procured a policy of insurance thereon in the Glens

Falls Insurance Company, by which it was insured against loss and damage by fire for one year from that date. The policy in suit was issued on the sixteenth of June, 1883.

The action was commenced by plaintiff on the fourteenth of May, 1884, and Lane's petition of intervention was filed January 20, 1885, in which he claimed the amount of the insurance on the machinery. The defenses pleaded are— *First*, the failure of plaintiff to give the written notice of the fire required by the policy; *second*, that the policy was defeated because of the existence of the Glens Falls policy at the time it was issued; and *third*, that plaintiff, by the terms of the policy, has no claim for the amount of the insurance on the machinery, that amount being payable to Lane, and that the cause of action therefor in favor of Lane was barred when his petition of intervention was filed. It was proven on the trial that the written notice of the loss required by the policy was waived, after the loss occurred, by one Redfield, who was an adjusting agent for defendant, and was also the manager of its western department. The Glens Falls policy contained the following provisions:

"(2) This policy shall be void in each of the following cases: * * * *Third*, if the property, or any part thereof, shall be sold, transferred, or incumbered by mortgage, judgment, or otherwise; * * * *sixth*, if any change takes place in the title or occupation or possession of the insured property, or any part thereof, whether by voluntary act or otherwise.

"(3) This company shall not be liable for loss or damage to any of the insured property while at or in any other location than that designated herein, without written consent in writing hereon to the removal."

And it was proven that, after this policy was given, Lane sold his interest in the property to plaintiff, and took the mortgage under which he now claims to secure the purchase price; also that the property had been removed without the consent of the insurer from the building in which it was at

the time the policy was issued, to the one in which it was when destroyed. There being no controversy as to the facts, the court directed the jury to return a verdict for the intervenor for the amount of the insurance on the machinery, and entered judgment on the verdict returned in obedience to this direction, and from that judgment both plaintiff and defendant appeal.

*T. J. Trulock,* for plaintiff.

*Antrobus & McArthur* and *Poor & Baldwin,* for defendant.

*Geo. H. Lane,* for intervenor.

REED, J.—I. We are of the opinion that the right of action is not defeated by plaintiff's failure to give the written notice of the loss required by the policy.

1. FIRE insurance: waiver of notice of loss: authority of adjusting agent.

The agent who assumed to waive that requirement had full authority to do whatever was necessary to be done in the adjustment of the loss. He was informed of the occurrence of the fire by the local agent of the company at Burlington, and he went to the scene of the fire for the purpose of investigating the case, and, while engaged in the investigation, he informed plaintiff and intervenor that, as he was on the ground, the written notice need not be given, but directed them to prepare and forward to him the proofs of loss, which they afterwards did; and he refused to pay the loss on the sole ground that the policy was defeated by the existence, at the time it was issued, of the Glens Falls policy. Being clothed with full authority to adjust the loss, and to do whatever might be necessary to be done in its adjustment, he necessarily had the power to determine whether the notice should be required or not, and having determined that it should not be required, and having so advised the other parties, who have acted upon his statement, his principal is bound by his action. It makes no differ-

ence, we think, that the policy provided that the · company should not be bound by the acts or declarations of its agents · not contained in the policy; for the authority to waive that provision is necessarily included in the power conferred upon him with reference to the adjustment of the loss, and he did in effect waive it. That the provision requiring the notice of the loss may be waived by the insurer is well settled by the authorities. See *Edgerly v. Farmers' Ins. Co.*, 48 Iowa, 644; Wood, Ins., 699.

II. We are also of the opinion that the policy was not defeated by the existence of the Glens Falls policy. That

2. ——: provision against other insurance: not violated by existence of void policy. policy had ceased to be a binding contract of insurance before defendant's policy was issued. The sale by Lane of his interest in the property was such a change of the title, as under the provisions of the contract, avoid the policy. *Hathaway v. State Ins. Co.*, 64 Iowa, 229. Perhaps it could be said that the change of title had the effect only to render the policy voidable at the election of the insurer, and that, under the peculiar provision in defendant's policy, which is against other contracts of insurance, whether valid or not, the contract was defeated. But, however that may be, we are of the opinion that, under the provision of the Glens Falls policy against the removal of the property, all liability of that company terminated when the property was removed from the building in which it was situated when the policy was issued. It was expressly provided that the company should not be liable for loss or damage when the property was at any other place or location than that designated in the policy. The removal of the property to another building, without the consent of the company, did not have the effect simply to render the policy voidable at its election; but by the express terms of the provision its liability for the risk was terminated by that act. When, therefore, defendant's policy was issued, there was no other contract of insurance in existence. The policy of the other company was as certainly terminated by that act as it

would have been by the expiration of the time for which it was given.

III. The policy in suit is a contract between plaintiff and defendant. The provision, however, that the loss or damage on the machinery should be paid to the intervenor as his interest might appear, was for the intervenor's benefit. Section 2544 of the Code provides that a party with whom or in whose name a contract is made for the benefit of another may sue in his own name without joining with him the party for whose benefit the suit is prosecuted. Under this provision it is very clear, we think, that plaintiff had the right to prosecute the action in his own name for the recovery of the whole amount of the loss. The court possessed ample power, upon a showing of intervenor's interest, either by plaintiff or defendant, to enter such judgment in the case as would have fully protected the rights of all the parties. If the presence of intervenor had been deemed necessary to the determination of the controversy, the court had the power, under section 2551, to order him to be brought in. The action instituted by plaintiff was for the recovery of the whole loss; and, as we think, was properly brought in his own name. The intervenor, however, had an interest in the matter in litigation, and he had the right, under section 2683, to become a party to the action. This section provides that "any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against both, may become a party to an action between other persons, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendant in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the cause, and before the trial commences."

It was under this provision that intervenor became a party to the suit. He did not institute a new action, but became

*3. ——: action on policy by assured: intervention of beneficiary: limitation of time in policy.*

simply a party to the one pending between plaintiff and defendant. Nor did he make any demand independent of the matter in litigation between them, but asked only that the recovery for that portion of the loss which, by the terms of the contract sued on, was payable to him, should be for his benefit. The policy provides that no action for the recovery of any claim shall be maintainable, unless commenced within twelve months after the occurrence of the fire. Clearly, we think, this does not preclude the intervenor from becoming a party to an action which was properly brought within that time, and asserting any interest he may have in the subject-matter of the action.

Upon the undisputed facts of the case, we think the direction of the court was right, and the judgment will be

AFFIRMED.