J. F. BROCK v. DES MOINES INSURANCE COMPANY, Appellant.

**Insurance:** PROOF OF LOSS: *Waiver.* Where an agent who has power to appoint agents, make collections and to investigate and settle losses, takes a paper which he calls proof of loss, telling assured that no more is required, on which assured relied, and the paper is submitted to the insurer who neither objects to its informality or notifies the assured that formal proofs are not waived, formal proofs are waived, notwithstanding provisions in the policy that none of the terms or conditions thereof can be waived except by a writing of the secretary and that no agent has authority to waive or modify any of the printed conditions.

SAME. An informal proof of loss taken by an authorized agent with a statement that no more is required, which statement is relied on, and which proof is submitted to the insurer, and to which he makes no objections, waives formal proof, though the informal proof recited that the insurer has "not waived any of its legal rights or defenses by investigating my loss for the purpose of getting facts relative to my fire, or amount of stock on hand at time of loss."

**Evidence:** SECONDARY: *Discretion.* What is a reasonable time for the production of a letter in possession of the adverse party to authorize the admission of secondary evidence of its contents is within the discretion of the trial court.

PRINCIPAL AND AGENT. In an action against an insurance company, plaintiff testified to conversations he had with persons in the home office of the company. He could not state positively that they

were officers or agents of the company, but the company acted in accordance with statements made by those persons to plaintiff. *Held*, that no prejudice resulted from admitting the testimony.

*Appeal from Hamilton District Court.*—HON D. R. HIND-MAN, Judge.

THURSDAY, MAY 26, 1898.

ACTION at law on a policy of fire insurance. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*McVey & McVey* for appellant.

*George Wambach* and *Wesley Martin* for appellee.

ROBINSON, J.—The policy in suit was issued by the defendant in May, 1892, and purported to insure the plaintiff, for the term of one year, against loss or damage by fire, to the amount of two hundred dollars on his store building in Homer, and one thousand dollars on his stock of merchandise contained in the building. In January, 1893, the building and the merchandise contained therein were destroyed by fire, and the plaintiff seeks to recover for that loss, to the amount of the policy. This cause was before us on a former appeal, and the judgment of the district court was reversed because of insufficient proofs of loss. See 96 Iowa, 39. After the cause was remanded for further proceedings, an amendment to the petition was filed, setting out facts which were alleged to constitute a waiver of proofs of loss other than those furnished, and to estop the defendant to question their sufficiency. The defendant denies the alleged waiver and estoppel, and denies all liability.

I.   There is conflict in the evidence respecting the facts upon which the alleged waiver and estoppel are based, but the jury was authorized to find such facts to be substantially as follows: When the fire occurred, the plaintiff was visiting in Adair county. As soon as he was informed of the fire, he returned to Homer; calling on his way at the office of the defendant in Des Moines, and stating to

persons in the office what he knew of the fire. He was told to investigate the loss, and inform the defendant of its amount and origin, and that the company would send an adjuster to investigate it. The plaintiff, on the day of his arrival at Homer, wrote to the defendant that the building was burned and also his stock of merchandise, and that his loss on the latter was more than one thousand four hundred dollars.

An agent of the defendant, named Moody, testified as a witness, in regard to his duties, as follows: "I do most anything. I write insurance; make collections; appoint agents; inspect risks; investigate losses; sometimes settle matters." He also testified that he had done that kind of work for the defendant for six or seven years. A few days after the plaintiff wrote to the defendant as stated, Moody appeared at Homer and informed the plaintiff that he had come to adjust his loss, and that he understood the plaintiff had written a letter to the company. Moody spent several hours at Homer, investigating the loss; and then, at his request, the plaintiff went with him to Webster City, and together they went into Moody's room at an hotel, and there spent several hours in considering the loss. Moody asked for a statement of the merchandise destroyed, and the plaintiff submitted an inventory of it, prepared but a short time before the fire. Moody examined it, took a statement of all the plaintiff had lost, and said he would write out a proof of the loss, and have it acknowledged. Thereupon he wrote out the following:

"State of Iowa, Hamilton County—ss. I, J. F. Brock, being duly sworn, on oath depose and say:

"That on the 16th day of January, 1893, I made inventory of my stock of goods in my store at that date, including medicines; and some of the medicines was held by me for sale on commission; also, said inventory, including furniture and fixtures in my store. The said inventory, including above-mentioned medicines and furniture and fixtures, amounted to fourteen hundred forty-six 29-100 dollars ($1,446.29).

Medicine held on commission amounted to . . . . . . . . . $ 36 01
Furniture and fixtures . . . . . . . . . . . . . . . . . . . . . .    53 58
Goods sold after inventory, and prior to fire . . . . . . .    80 42

Reducing my stock and inventory . . . . . . . . . . . $170 01

"That my policy permits me to carry insurance on $\frac{3}{4}$ actual value of my stock of goods, in policy No. 58,275, Des Moines Insurance Company. That I refuse to allow any depreciation of value on my stock on account of age or damaged goods. I have been in the business since August, 1890. At the time I went into business, I purchased a stock of goods of Mr. J. E. Smith, at Homer, Iowa.

"It is agreed that the Des Moines Insurance Company has not waived any of its legal rights or defenses by investigating my loss for the purpose of getting facts relative to my fire, or amount of stock on hand at time of loss."

After the instrument was drawn, Moody and the plaintiff went to the office of a notary public. The plaintiff was there asked if he understood the paper; and Moody answered for him that he did, and also stated that it was a proof of loss. The plaintiff also said that he understood it, and he signed and swore to it. Moody then took it; said he would immediately mail it to the defendant. The plaintiff asked him if that "was all that was required to know; if it was all right?" and Moody answered: "Yes; that is all right." The plaintiff relied upon what had been said and done as being sufficient, and did not make any further proof. The defendant did not make any objection to the proof, nor call for additional information. We held on the former appeal that the proof furnished failed to comply with the statutory requirements. In response to the claim of waiver and estoppel, on which the plaintiff relies, the defendant calls attention to certain provisions of the policy. One of those relates to notice and proof of loss, but, in view of the requirements of chapter 211 of the Acts of the Eighteenth General Assembly, need not be specially considered. Other provisions are as follows: "It is further

mutually agreed by the parties hereto that no condition, stipulation, covenant, or clause hereinbefore contained or referred to shall be altered, annulled, or waived, or clause added to these presents, except by writing endorsed hereon or annexed hereto by the secretary, with his signature affixed thereto; any contract by parol, or understanding with the agent, had before or after issuing the policy, to the contrary notwithstanding. It is further expressly agreed by the parties hereto that none of the terms or conditions of this policy can be waived by any person or persons whomsoever, except in writing by the secretary of the company. * * * No agent of this company has any authority to waive, modify, erase, or strike out any of the printed conditions of this policy." It is insisted that, under these provisions, Moody had no authority to waive the formal proofs of loss which are required by the statute, and cases are cited in support of that claim. We had occasion to review those cases in the recent case of *Ruthven v. Insurance Co.,* 102 Iowa, 550, and need not repeat what was there said. The case of *Kirkman v. Insurance Co.,* 90 Iowa, 457, is especially relied upon by the appellant, but that lacked important and controlling facts which are involved in this. Moody appears to have been something more than an adjusting agent. He had power to appoint agents, make contracts of insurance, and to settle losses. But as a mere adjusting agent, with authority to ascertain and settle losses, he had, of necessity, power to determine what proofs were satisfactory, and to waive those which were regarded as unimportant. He proceeded to obtain information in regard to the origin and extent of the loss, and was promptly furnished with all the information which he demanded. When he had procured all the information he desired, and had obtained the signature and oath of the plaintiff to the statement he had prepared, he, in substance and effect, told the plaintiff that the proof furnished was all that was required. In this respect the case is much like the *Ruthven Case,* in which we said: "The defendant must be charged with the knowledge which he [the adjuster] acquired

while acting for it. ⁎ ⁎ ⁎ He had all the proofs which he asked for, and forwarded them to the defendant. With constructive, if not actual knowledge of all these facts, the defendant did not inform the plaintiffs that formal proofs were not waived, nor demand them. We think the jury was fully authorized to find that they were waived by Bliven, and that he also waived the written indorsement required by the terms of the policy." Bliven was the general western manager of the defendant in that case, and, in the adjustment of all losses in his department, stood for and represented his company, and had the power to waive any requirement in regard to proofs of loss which it could have waived. In this case the company was called upon to act for itself directly, and not through a general manager; yet it was silent when it should have spoken, and must be held bound by the acts and statements of Moody. See, also, *Dyer v. Insurance Co.,* 103 Iowa, 524. It does not appear that the adjuster in the *Kirkman Case* made any attempt to take proofs of loss, and what he said was in the nature of an expression of an opinion respecting the effect of the information which had been sent to the company, and as to what the company would do.

II. It is said that the last paragraph of the instrument prevents the plea of waiver from being effectual. That is as follows: "It is agreed that the Des Moines Insurance Company have not waived any of its legal rights or defenses by investigating my loss for the purpose of getting facts relative to my fire, or amount of stock on hand at time of loss." This provision must be construed in the light of what was said and done on the day it was signed. It does not, in terms, refer to proofs of loss. That it was not understood by the plaintiff to refer in any manner to such proofs is clear; and Moody must have known that fact, if the evidence for the plaintiff be credible. If Moody intended, by the instrument, to reserve to the defendant the right to insist upon the statutory proofs of loss, then he intended to perpetrate a fraud upon the plaintiff,—a conclusion we are not

inclined to adopt. The instrument provides that the defendant did not waive any of its legal rights or defenses by "investigating" the loss, but it does not provide that the taking of the proof furnished by the plaintiff, and the representations made to him as to its sufficiency, and the failure of the defendant to demand additional proof, should not have that effect. This interpretation is not only necessary to do justice, but it is authorized by the rules of interpretation which apply in such cases.

III.    Error is alleged of certain rulings of the court on the admission of evidence, which we will now consider. The letter which the plaintiff claims to have written the defendant was not introduced in evidence. Before the trial of the case was commenced, the plaintiff served upon the defendant notice to produce the letter, and that, if it were not produced, secondary evidence of its contents would be offered. As the letter was not produced, the plaintiff was permitted to testify as to its contents. The appellant contends that the notice was not served a sufficient length of time before the trial to require the production of the letter, or permit secondary evidence of its contents to be given. In ruling upon the admission of the secondary evidence, the court was authorized to consider the time which the defendant would require to obtain the letter from its Des Moines office, and whether a reasonable time for that purpose had been given. The record does not show any abuse of the discretion lodged in the court, in holding that the notice given was sufficient, and that secondary evidence was admissible. It is said that the court erred in permitting the plaintiff to testify to a conversation he had in the Des Moines office while on his way from Adair county to Homer after the fire. He was not able to state positively that the persons with whom he conversed were officers or other agents of the defendant, but it appears that the defendant acted in accordance with the statements which those persons made to the plaintiff; and, even if they were not authorized to act for it, no prejudice

could have resulted from admitting evidence as to the conversation with them.

IV.    Portions of the charge given to the jury are criticised, and error in the refusal of the court to give certain instructions asked is claimed.   We have examined all these matters, but without discovering any prejudicial error.   The judgment of the district court is sustained by the evidence, and appears to be right, and it is AFFIRMED.