## THE PRUSSIAN NATIONAL INSURANCE COMPANY
### v. PETERSON.

[No. 3,532. Filed May 27, 1902. Rehearing denied January 13, 1903.]

INSURANCE.—*Loss by Fire.*—*Complaint.*—A complaint on a fire insurance policy is insufficient if it fails to show that the insured was the owner of the property, or had an insurable interest therein, at the time of the loss. *p. 290.*

SAME.—*Complaint on Fire Policy.*—*Ownership of Property.*—In an action on an insurance policy for loss by fire, an allegation in the complaint that the plaintiff was the owner of the property insured at the time the policy was issued, and at the time the action thereon was brought, does not sufficiently allege that plaintiff was the owner of the property at the time of the loss. *pp. 289, 290.*

SAME.—*Waiver of Proof of Loss.*—A representative of a fire insurance company sent by the company to adjust a loss, told insured that no proof of loss would be required, and after an examination of the property offered to pay a stipulated sum in settlement. After the refusal by insured to accept the sum offered, the company's representative proposed arbitration. *Held;* that by the acts of its agent the company waived proof of loss. *pp. 290–293.*

From Jay Circuit Court; *J. M. Smith*, Judge.

Action by Isaac Peterson against the Prussian National Insurance Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*C. J. Lutz, V. G. Clifford, W. F. Browder* and *W. S. Moffett*, for appellant.

*Shaffer Peterson, B. K. Elliott, W. F. Elliott* and *F. L. Littleton*, for appellee.

BLACK, J.—The appellee recovered judgment in his action against the appellant, a foreign insurance company, upon a policy of insurance against loss by fire. There were four paragraphs of complaint, and the appellant's demurrer to each of them for want of sufficient facts was overruled.

The appellant, in discussing the complaint and its several paragraphs, objects thereto on the ground that it nowhere alleges that the appellee was the owner of the prop-

erty injured by fire at the time of the loss. The policy bore date of the 7th of June, 1899, and thereby the appellant insured the appellee for the term of one year from that date against loss or damage by fire to a described dwelling-house, in the sum of $300. The fire was alleged to have occurred November 22, 1899, and the action was commenced in January, 1900. In the first paragraph of the complaint it was alleged, "that on the 7th day of June, 1899, he [the appellee] was, and is now, the owner of a dwelling-house, * * * on First street," etc. In the second paragraph it was alleged, "that on the 7th day of June, 1899, he [the appellee] was, and is now, the owner of in-lot, * * * together with the buildings thereon situated; that on said lot there was a one-story dwelling-house [described], which he occupied and used as his home, as well as that of his family, until the loss hereinafter set out." The third and fourth paragraphs each contained allegations like those of the third paragraph above set forth.

Unless the averments quoted can be said to state sufficiently the appellee's ownership at the time of the loss, it was not shown by either paragraph of the complaint. It must be agreed that these averments can not properly be construed as meaning that the appellee owned the property at the time of the loss. It has been many times held, and is a settled rule of pleading in this State, that a complaint on a contract of fire insurance is insufficient if it fails to show that the insured was the owner of the property, or had an insurable interest therein, at the time of the loss. *Indiana, etc., Ins. Co.* v. *Bogeman,* 4 Ind. App. 237, and cases cited; *Western Assur. Co.* v. *Koontz,* 17 Ind. App. 54; *Western Assur. Co.* v. *McCarly,* 18 Ind. App. 449; *Insurance Co., etc.,* v. *Coombs,* 19 Ind. App. 331.

It is objected, further, that in each paragraph of complaint there was failure to show waiver of proof of loss. It was alleged in the first paragraph, "that plaintiff has duly performed all of the conditions on his part required by

law to be performed, except proof of loss required by the policy, which was waived by defendant by sending their adjuster, John C. Wright, to adjust said loss, who after examination of the premises offered the plaintiff $250 in full payment of said loss, and no more, which offer the plaintiff refused to accept in full payment of said loss," etc.

In the second, third, and fourth paragraphs, the appellee alleged that he having received the policy from one E. F. Coffee, residing in the city where the property was, who signed the policy "E. F. Coffee, Agt., Decatur, Indiana," the appellee, the day after the fire, believing that Coffee was authorized to transact business for the appellant, made inquiry of him, what, if anything, he had done in reference to the loss, and what notice, if any, he had given the appellant of the loss, and Coffee then informed the appellee that he had notified the appellant in writing of the loss, and in reply thereto he would receive the necessary instructions for the appellee to follow; that shortly thereafter, Coffee notified the appellee that he had received information of the appellant that it had received the notice sent by him, and that the appellant, in a few days, would send its adjuster to adjust the loss; that shortly thereafter Coffee introduced to the appellee a person who he said was John C. Wright, who was the adjuster of the appellant, and that he had come to adjust the loss; that the appellee and Wright undertook to adjust the loss, the appellee believing that said person was the person he represented himself to be; that appellee at the time made inquiry of Wright if the appellant would require any additional proof of the loss as required by the policy, at which time, in answer to said inquiry, Wright informed the appellee that the appellant had all the notice that was necessary, and that they would not require the notice of loss provided for in the policy; that the appellee, relying upon said statements and representations of Wright, did not send the proof as required by the policy; that Wright thereupon, after an examination of the building or

parts which were not wholly destroyed by fire, informed the appellee that the appellant would pay the sum of $250 in full for the loss sustained by the appellee and in full settlement of his claim, and no more; which offer the appellee did not and would not accept in settlement of the loss. In the second paragraph it was further alleged that Wright thereupon left the appellee and the city, and had not since returned, nor had said loss been paid, etc.

In the third paragraph, after the averment that Wright made such offer, and that the appellee did not and would not accept, it was alleged, that thereupon Wright informed the appellee that the difference between the appellant and the appellee must be settled by arbitration, he nominating on the part of the appellant a man named Millikin, and at the same time requesting appellee to designate his arbitrator, which the appellee did; that he thereupon nominated a competent person, a builder and contractor of said city, named E. A. Mann; that as soon as Wright had ascertained the name of appellee's arbitrator he prepared two contracts, as the appellee supposed, and requested the appellee to sign each of them, which papers contained written and printed provisions in regard to the arbitration, as the appellee supposed; but the appellee refused to sign these contracts, and thereupon notified Wright that he could have his arbitrator ready at any time, and would so have him ready to arbitrate the loss at any time when Millikin would appear, but that on appellee's refusal to sign said contract Wright refused to enter further into negotiations in reference to the arbitration, and thereupon left the appellee and the city, and had done nothing further in regard to ascertaining the appellee's loss; neither had Wright or the appellant paid the loss or any part of it, although the appellee at all times had his said arbitrator waiting to adjust the loss, and Millikin had never appeared or requested the appointment of a day; and that the appellee had performed all the con-

ditions of the policy on his part to be performed, except as herein set out.

In the fourth paragraph, after the averment concerning the offer of Wright and its nonacceptance, it was alleged that since the date of Wright's offer the appellee had received from the appellant a request for arbitration of the matters in difference as herein set out in the form of letters written by the appellant and received by the appellee through the postoffice; that the appellee, in answer thereto, in like manner informed the appellant that he was ready and willing to submit said matters to arbitration, and that the appellant should and might send its arbitrator to the premises on any day, and if his arbitrator could not attend, there were in said city six or eight competent builders and contractors, either of them competent and either of whom would be satisfactory to the appellee; but that he would not sign up any contract or papers authorizing such an adjustment, but he would be bound and accept any award made by said board of arbitration in full settlement of the loss; that thereafter the appellant informed the appellee that he was not bound to sign up said adjustment papers, but that he should send the appellant the name of his appraiser, which he had long theretofore given the appellant; that all the letters and requests and statements made by the appellant in reference to the payment or adjustment of the loss were not made in good faith on its part, and it had never caused its "said adjuster" to come to said city, nor had it had said adjuster to confer with the appellee's adjuster, nor had it offered to fix a day or time when the same might be adjusted and the amount of the loss ascertained, but had at all times left the property in the condition "as aforesaid," whereby the appellee had lost the use of the same, and of the money due him from the appellant, although the appellee had complied with all the other requirements of the policy on his part to be performed, etc.

Passing over the faultiness of these pleadings in showing matters of evidence instead of issuable facts, and their failure as pleadings properly to show the authority of Coffee and Wright in the premises, in which particulars they may readily be corrected, we may consider them as if amended in these respects, with the view of determining the objection of the appellant on the ground of failure to show waiver of proof of loss.

Waiver of a provision of the policy requiring proof of loss within a specified time may be inferred from such acts and conduct as are inconsistent with an intention to insist upon strict performance. *Hartford Fire Ins. Co.* v. *Keating,* 86 Md. 130, 38 Atl. 29.

If it be made to appear that an agent of the insurance company is charged as its representative with the duty of settling the loss with the insured, it would seem only reasonable to say that he may dispense with the strict performance of the stipulations of the policy, inserted therein for the benefit of the company, having reference to the manner of ascertaining the extent of the liability of the company.

In *Ætna Ins. Co.* v. *Shryer,* 85 Ind. 362, speaking of the authority of an adjuster of an insurance company whose general duty is to adjust and report losses, and discussing the question as to whether or not he has authority to waive preliminary proof of loss, it was said: "It would seem that the better reason is with the cases which hold that he has; for a company that sends an agent to ascertain the nature, cause and extent of the loss, and employs him in that particular line of duty, may well be deemed to have invested him with a general authority in all such matters."

A special agent of an insurance company, sent by it to investigate a loss, was held to have apparent authority to waive preliminary proof. *Hartford Fire Ins. Co.* v. *Keating, supra.*

When the insurance company, having notice of the loss, refers the matter to its authorized adjuster, who makes

full investigation thereof and leads the insured to believe that there is nothing in the way of payment of the claim except a difference of opinion as to the value of the property, the furnishing of formal proof of loss, it was held, is waived. *Hitchcock* v. *State Ins. Co.,* 10 S. Dak. 271, 72 N. W. 898.

In *American Cent. Ins. Co.* v. *Sweetser,* 116 Ind. 370, where it appeared by the complaint that an adjustment had been made by an agent duly empowered for that purpose, and that the company had afterward notified the plaintiff that the loss would not be paid, it was held that it must be deemed that further notice and proof were waived. It was said: "After an insurance company has itself taken cognizance of a loss, and prepared such proofs as it deems essential to an adjustment, the insured may assume, until notified to the contrary, that additional notice and proofs are not required." See, also, *Indiana Ins. Co.* v. *Gapehart,* 108 Ind. 270.

In *Murphy* v. *North British, etc., Ins. Co.,* 70 Mo. App. 78, it was said: "If the insurer offers to pay what he thinks has been the amount of the loss of the insured, and is rejected by the latter, this implies that the insurer is satisfied of the integrity of the loss. It implies further that he will not require proofs of loss but will pay the amount ascertained by the arbitrators. * * * The implications already stated continue as long as the insurer's offer of settlement is not withdrawn." See, also, *Ætna Ins. Co.* v. *Simmons,* 49 Neb. 811, 69 N. W. 125.

If payment be withheld upon special grounds other than the failure to furnish proof of loss, or the insufficiency of proof furnished, and having no reference to the want or the insufficiency of such proof, the insurance company thereby waives its right to defend upon the ground of such want or insufficiency of proof. *Ætna Ins. Co.* v. *Shryer,* 85 Ind. 362; *Commercial, etc., Assur. Co.* v. *State, ex rel.,* 113 Ind.

331; *Western Assur. Co.* v. *McCarly,* 18 Ind. App. 449; *Ælna Ins. Co.* v. *Simmons, supra.*

The policy contained provision that if the appellant and the appellee should differ as to the amount of loss, it should be ascertained by appraisers, provision for whose selection was made; but there was no stipulation that the·submission to arbitration should be in writing. A parol submission to arbitration is sufficient and binding upon the parties, unless unconditionally revoked before the making of the award. It was so held where one of the parties refused to sign a written submission to arbitration as suggested by one of the arbitrators. *Dilks* v. *Hammond,* 86 Ind. 563.

A provision for proof of loss is waived if the insurer object solely to the amount claimed, and agree with the insured to the ascertainment of the damage by appraisers, and to pay the amount so ascertained. *Snowden* v. *Kittanning Ins. Co.,* 122 Pa. St. 502, 16 Atl. 22.

It was said in *Murphy* v. *North British, etc., Ins. Co.,* 70 Mo. App. 78, that the legal effect of the rejected offer of settlement was to set in active operation the condition of the policy respecting arbitration, and that when the provision in respect to arbitration is set in active operation, that in respect to making proofs of loss is superseded and rendered inactive. See *Bishop* v. *Agricultural Ins. Co.,* 130 N. Y. 488, 29 N. E. 844.

In the case before us there was no occasion for furnishing a list of articles lost. The only thing insured was a building, which was partly consumed by the fire. The appellant treated the notice of loss which it received as sufficient by sending its adjuster in response thereto. The adjuster went and saw the extent of the destruction, and estimated the loss and announced the amount thereof, which he offered to pay, without demanding any preliminary proof, though he was specifically questioned upon that point by the insured. His answer referred to notice, and not to proof. Whether this be regarded as an attempted evasion or as only

amounting to a dispensing with that which he mentioned
in his answer,—that is, with notice,—the requirement for
which was already sufficiently fulfilled, still, after having
been so interrogated, and apprised concerning the nonpro-
duction of proof of loss, he, with knowledge gained by
personal inspection, offered to pay a specified sum, being
only $50 less than the full amount of the insurance.   It
may well be said that the insured might reasonably con-
clude, in view of such conduct of the adjuster, and in con-
sideration of the nature of the risk, that the strict require-
ment of the policy concerning proof of loss was not to be
observed.

The following language, quoted in *Ætna Ins. Co.* v.
*Shryer,* 85 Ind. 362, 366, from May on insurance is perti-
nent: "It is to be observed, that it is the duty of the in-
surers, pending the consideration of the proofs of loss, to
bear themselves with all good faith towards the claimant,
and if they are dissatisfied with the proof furnished, and
have, or have not, the right to demand further proof before
their liability becomes fixed, they ought to make known
to the assured the fact and the nature of these demands
without unnecessary delay.   Otherwise they will be held to
haive waived their rights in this regard."   It would seem
that this would be especially so where the insurer's adjuster
on the spot is specifically questioned on this subject by the
insured.

There seems to be material in each paragraph of the
complaint from which to construct a sufficient pleading
showing waiver of proof of loss in the conduct of the ap-
pellant, through its agent who had investigated the loss,
when called upon to state whether further proof would be
required, in his failing to require formal proof and propos-
ing to pay a stipulated sum, and, upon the disagreement of
the appellee with such proposal, whereby occasion arose for
arbitration, in proposing to submit the controversy to arbi-
tration; also, that there is indication that the fault of a

failure. to arbitrate the dispute rests upon the appellant; and the appellee ought not, because of such failure, so occasioned, to be deprived of remedy by suit.

The judgment is reversed, with instruction to sustain the demurrer to each paragraph of the complaint.