(81 App. Div. 543.)

BRYAN v. FARMERS' MUT. INDEMNITY ASS'N OF CAYUGA COUNTY.

(Supreme Court, Appellate Division, Fourth Department.   March 31, 1903.)

1. FIRE INSURANCE—ACTION ON POLICY—COMPLAINT.
     A complaint in an action on a fire policy is demurrable if showing no insurable interest in the policy holder.

Appeal from trial term, Cayuga county.

Action by Daniel J. Bryan against the Farmers' Mutual Indemnity Association of Cayuga County. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-LIAMS, and HISCOCK, JJ.

Hall Greenfield and S. Edwin Day, for appellant.

Frank S. Coburn, for respondent.

SPRING, J.   The amended complaint alleges that on the 19th day of October, 1897, appellant issued its policy of fire insurance to one Sarah E. Bryan upon property affirmatively alleged to belong to the plaintiff; that is, the property was owned by one person and the policy issued directly to another, and without any allegation of title or insurable interest in the insured.   The possession of an insurable interest in the property is essential to the validity of the policy (Shearman v. Niagara Fire Ins. Co., 46 N. Y. 526, 7 Am. Rep. 380; Fowler v. N. Y. Indemnity Ins. Co., 26 N. Y. 422; Ruse v. Mut. Benefit Life Ins. Co., 23 N. Y. 516–523), and consequently that fact must be averred and proved:

The respondent, in extenuation of this averment, states in his brief that through an inadvertence he omitted to allege that the title of the property was in the plaintiff's assignor at the time of the issuance of the policy, and contends that the omission is immaterial, as the complaint refers to the policy.   That document is not attached to the complaint, but is attached to the record before us, and it does not show any title or insurable interest in the insured.

It may be that the demurrer is purely technical, but the allegation to which we have adverted is explicit and positive, and is not mitigated by any subsequent averment.   The counsel for the respondent when the demurrer was interposed should again have amended his complaint, rather than take his chances with it containing an allegation which he is obliged to concede he did not intend to make.   The interlocutory judgment should be reversed, with costs of this appeal, and the demurrer sustained, with costs, and the plaintiff be permitted to plead over upon the payment of the costs of this appeal and of the demurrer.

Interlocutory judgment reversed, with costs of this appeal, and the demurrer sustained, with costs, and the plaintiff permitted to plead over upon the payment of the costs of this appeal and of the demurrer.   All concur.

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1582.