[No. 7134. Decided January 31, 1908.]

PORT TOWNSEND SOUTHERN RAILROAD COMPANY, *Respondent, v.* DENNIS NOLAN *et al.,* *Appellants.*[1]

EVIDENCE—OPINIONS—MARKET VALUE. The owner of premises is not always competent to testify as to the market value of his real property.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. It is not prejudicial error to refuse to allow an owner of a town lot to testify to its market value, where the testimony as to his knowledge and qualifications was extremely contradictory, and seven or eight other witnesses better qualified testified in his behalf.

SAME—REVERSAL NOT BENEFICIAL—CESSATION OF CONTROVERSY. In condemnation proceedings, the defendant cannot allege error in that he was not allowed to show that his saloon license was rendered valueless by the appropriation, where pending appeal the license expired and he had received the benefit of it; since the controversy as to that had ceased before the hearing.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered May 20, 1907, after a hearing on the merits, decreeing the appropriation of property in a condemnation proceeding. Affirmed.

*Walter M. Harvey* and *Vance & Mitchell,* for appellants.

*B. S. Grosscup* and *A. G. Avery,* for respondent.

[1]Reported in 93 Pac. 528.

RUDKIN, J.—This is an appeal from a decree of appropriation in a condemnation case. But two errors are assigned. First, the refusal of the court to permit the appellant to testify to the market value of the property sought to be appropriated; and second, the refusal to admit evidence of the loss sustained through the appropriation of the property by taking and rendering valueless the saloon license issued to the appellant by the town of Tenino. In support of the first assignment it is contended: (1) That the owner is always competent to testify to the value of his own property; and (2) that in any event the appellant showed that he was duly qualified in this case.

With the first contention we cannot agree. The owner who occupies his property and is familiar with its character and the purposes for which it may be used, and to a greater or less extent with land values in the community, is a competent witness. But the owner may have acquired his property by devise or descent in a distant state or country and know nothing of its location, quality, condition or value, and in such cases it is idle to contend that he is competent to testify to its value or to any other fact concerning it. While, therefore, the owner may, and often does, occupy a different position towards his property than does a mere stranger, yet, he must in all cases show at least some qualification before testifying to its value, and the difference between the qualifications required of the owner and of a stranger is one of degree only. On the showing made in this case, we think the court might have permitted the owner to testify to the market value of the land taken, but the testimony as to his knowledge and qualification was extremely contradictory, and we are not prepared to say that the court abused the wide discretion which is necessarily vested in it by law. Furthermore, the property sought to be condemned was a town lot; its value depended largely upon its size and location, and the opportunities of the owner for knowing its market value were little if any

better than those of any other person familiar with land values in the town. Seven or eight witnesses, whom the court deemed better qualified than the appellant, testified to the market value of the property in his behalf, and under such circumstances we do not think that the ruling of the court was prejudicial.

On the second assignment little need be said. The saloon license has expired by operation of law. The appellant has enjoyed the full benefit of it pending his appeal, and, should the judgment be reversed, the license could not become an issue on a retrial or enter into the question of damages. As to that question the subject-matter of the controversy has ceased to exist and no benefit could accrue to the appellant from a reversal of the judgment.

Finding no substantial error in the record the judgment is affirmed.

HADLEY, C. J., FULLERTON, ROOT, DUNBAR, MOUNT, and CROW, JJ., concur.