LIVERPOOL & LONDON & GLOBE INS. CO. v. McCOLLUM et al.†

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912. Rehearing Denied June 29, 1912.)

1. JUDGMENT (§ 101*)—DEFAULT—PLEADING TO SUSTAIN—INSURABLE INTEREST.

Where a petition on a fire policy alleged that plaintiffs were the owners of the property insured at the time the policy was issued, such allegation, though not a direct averment that plaintiffs were the owners of the property at the time of the fire, was sufficient as against such objection to sustain a judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168–170; Dec. Dig. § 101.*]

2. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

Where, in an action on a fire policy, error was assigned in the rendition of judgment for an amount in excess of the policy when plaintiffs' pleadings and the evidence were insufficient to authorize a recovery for that sum, propositions thereunder, that a contract made by a person acting as agent of one of the contracting parties with himself as agent of the other party to the contract is binding on neither, and that an insurance agent of two companies is without authority to act for one in canceling a policy and for the other in writ-

ing a new policy in place of the one canceled, were not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. BROKERS (§ 32*)—PRINCIPAL AND AGENT (§ 70*) — DUAL RELATION — ACTION FOR BOTH PARTIES.

An agent or broker cannot act in a dual relation and bind either party, unless it be with the consent of both parties to the transaction.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 25; Dec. Dig. § 32;* Principal and Agent, Cent. Dig. § 146; Dec. Dig. § 70.*]

4. INSURANCE (§ 629*)—AGENTS—DIFFERENT COMPANIES.

An agent of a lumber company was also agent of defendant and another insurance company, and, as such, issued a policy on plaintiffs' property in defendant company, payable to the lumber company as its interest might appear. *Held*, that where a petition in an action on the policy alleged that the agent represented defendant, and there was no allegation that he ever represented the insured or that his acts were unknown to the parties, the policy was not invalid because made by a person acting as agent of one of the contracting parties with himself as agent of the other.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1575–1580, 1584–1586, 1590–1592, 1596, 1598, 1603–1606, 1608; Dec. Dig. § 629.*]

5. INSURANCE (§ 627*) — ACTION AGAINST FOREIGN INSURANCE COMPANY—SERVICE.

Where, in an action against a foreign insurance company, the petition alleged the names and residences of its local agents, giving specific directions for the service of process upon them, and the process also gave the names and residences of the agents, it was not necessary for plaintiffs to prove that the person actually served was the agent of defendant; the sheriff's return showing that the citation was served on the persons named as agents.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1573, 1574; Dec. Dig. § 627.*]

Error to District Court, Hall County; S. P. Huff, Judge.

Action by J. L. and B. F. McCollum against the Liverpool & London & Globe Insurance Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Wm. Thompson, of Dallas, for plaintiff in error. Jos. H. Aynesworth, of Childress, for defendants in error.

HALL, J. Defendants in error instituted this suit in the district court of Hall county to reform a policy of fire insurance which was written in the sum of $1,000 upon a store building and to make the amount of said policy $1,500, and to recover thereon for loss of the property insured. The defendants in error (plaintiffs below) recovered judgment for $1,488.50, from which the defendant insurance company brings error to this court. Although citation was issued, served, and returned, the defendant made no appearance, and the judgment was by default.

[1] The first error assigned is that the court erred in rendering judgment against defendant for the $1,488.50 because plaintiffs' petition does not allege and show that the plaintiffs owned the property described in the policy or any insurable interest therein at the time of the fire. The allegations in plaintiffs' petition with reference to the error complained of under this assignment are: "That heretofore, to wit, on the 9th day of December, 1910, plaintiffs were then the owners of lots Nos. 1, 2, and 3, in block No. 10, in the town of Carey, Tex., and the owners of the buildings thereon, and as such owners thereof, they, the plaintiffs, procured and had thereon insurance against loss by fire, in the sum of $1,500," etc. It is further alleged: "Said property was afterwards, on, to wit, the —— day of December, 1910, wholly and totally destroyed by fire, and that the same was a complete loss; that these plaintiffs made, as required in said policy, all proofs, notices, and all performances of conditions precedent to a recovery thereon; and that the same was in all things accepted by said insurance company in the amount and sum of $1,500," etc.

The general rule is the petition must show that plaintiff had an insurable interest in the property destroyed at the time of the fire before he can be heard in an action to recover upon the policy. While the allegation is not directly made that plaintiffs were the owners of the property at the time of the fire, the reasonable inference from the paragraphs above quoted is sufficient to support the judgment by default. N. W. Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185. It is alleged that plaintiffs owned the property at the time the policy of insurance was contracted for and issued, and this status is presumed to exist until the contrary is shown. Holt v. Abby, 141 S. W. 173. This fact would sustain the petition as against a general demurrer and upon this point render the pleading sufficient to support the judgment by default.

[2] The second assignment is that the court erred in rendering judgment for plaintiffs against the defendant company in the sum of $1,488.50, upon a policy for only $1,000, when plaintiffs' pleading and the evidence were insufficient to authorize a recovery for that sum. The first proposition under this assignment is: "A contract made by a person acting as agent of one of the contracting parties with himself as agent of the other party to the contract is binding on neither." A second proposition is submitted under this assignment, as follows: "An insurance agent of two companies is without authority to act for one of the companies in canceling a policy and in connection therewith to act for the other in writing up a new policy in place of the one attempted to be canceled. Such action is without the scope of the agent's authority and incompatible with the agent's trust duties." It will be seen that neither of the propositions are

germane to the assignment and should not properly be considered.

[3] However, we will pass upon them in view of the peculiar conditions under which the case comes before us. It is the law in this state that an agent or broker cannot act in a dual relation and bind either party, unless it be with the consent of the parties to the transaction.

[4] The petition alleges that the insurance agent had previously written the insurance in the Equitable Life & Marine Insurance Company, for which company he was agent at that time, as well as being agent for plaintiff in error; that he was also agent for the Cicero Smith Lumber Company, to whom the loss, if any, under the policy in question, was made payable as the interest of said lumber company might appear. There is no allegation that Mitchell was ever the agent of defendants in error, nor is it alleged that his attempt to represent conflicting interests was without the consent of the interested parties. Since the judgment in this case must be sustained if the petition is good upon general demurrer, we think, in view of the allegation made as to the agency of Mitchell and the failure of the petition to show that he ever represented defendants in error, or that his acts were unknown to the parties, this assignment is overruled.

[5] The third assignment assails the sufficiency of the service of process to support the judgment. The petition alleges the defendant to be a foreign corporation; that "it has agents in Hall county, Tex., to wit, Dunbar Bros., a copartnership composed of T. J. Dunbar and C. F. Dunbar, agents of said defendants and upon whom service may be had." The citation contained the following recital: "You are hereby commanded to summon the Liverpool & London & Globe Insurance Company of England, a corporation duly incorporated, by service hereof on Dunbar Bros., a copartnership, composed of T. J. Dunbar and C. F. Dunbar. * * * And you will deliver to the defendant the Liverpool & London & Globe Insurance Company of England, by delivering to Dunbar Bros., a copartnership composed of T. J. Dunbar and C. F. Dunbar, each in person, a true copy of this citation." The sheriff's return is in part as follows: "Executed in Hall county, Tex., by delivering to each of the within named defendants in person a true copy of this citation, at the following times and places, to wit." Then appears the names of both C. F. and T. J. Dunbar, with the month, day, year, and hour of the day upon which such service was made. Neither the assignment nor proposition thereunder attempt to point out any specific defect in the process or the return of the sheriff; but appellant insists in the argument that no evidence was introduced showing any connection between Dunbar Bros. and the defendant company. Up-on this contention, we call appellant's attention to the petition, which alleges the names and residences of the local agents, giving specific direction upon whom process should be served, and the citation was sufficiently full to meet the requirements outlined by Justice Stayton in the case of G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 573. It is held in El Paso, etc., Ry. Co. v. Kelly, 83 S. W. 859, that "the return of service on an agent of a corporation need not show the facts set out in the statute which authorizes and provides for such service, but it is sufficient if they are shown from the record." Where it is alleged in the petition that the defendant is a foreign corporation, and the name and residence of the local agent upon whom service may be had is set out, and where the process also gives the name and residence of such agent, it is not necessary to offer evidence to show that the party actually served is the agent of the defendant, when the sheriff's return shows the citation to have been served upon the party named as agent.

Other matters not fundamental in their nature are brought to our notice by argument in appellant's brief, but, not having been assigned as error, will not be considered.

Finding no reversible error in the record, the judgment of the lower court is affirmed.