ANNIE Y. DRAPER vs. DELAWARE STATE GRANGE MUTUAL FIRE
INSURANCE COMPANY.

1.  INSURANCE—ACTIONS—BURDEN OF PROOF.

For a party to recover on a contract of insurance, the existence of a valid contract and the occasion that fixes liability thereunder must be proved.

2.  INSURANCE—NATURE OF "CONTRACT OF INSURANCE".

A "contract of insurance" against loss or damage to property is a contract of indemnity, and is an undertaking on the part of the insurer, based upon sufficient consideration, to pay the insured a certain sum of money upon the happening of a certain contingency.

3.  INSURANCE—LIABILITY OF INSURER—NECESSITY OF LOSS.

A fire insurance contract is essentially a personal contract, and is not a contract to insure the property against fire, but one to insure the owner of the property against loss by fire; and hence a destruction of the property by fire does not render the insurer liable, unless insured has thereby sustained a loss.

4.  INSURANCE—ACTIONS ON POLICIES—PLEADING—INSURABLE INTEREST.

In an action on a fire insurance policy, plaintiff must allege and prove an insurable interest in the property existing at the inception of the policy, or subsisting during the risk and existing at the time of the loss; and hence a declaration failing to allege such interest at the date of the contract and at the time of the loss was demurrable.

5.  INSURANCE—VALIDITY OF CONTRACT—NECESSITY OF INSURABLE INTEREST.

An insurance policy against loss of property in which the insured has no interest amounts to a wager, and is void, as contrary to public policy.

(*June* 29, 1914.)

Judges WOOLLEY and RICE sitting.
*Robert G. Houston* and *Robert C. White* for plaintiff.
*John B. Hutton* and *Andrew J. Lynch* for defendant.
Superior Court, Sussex County, June Term, 1914.

Action by Annie Y. Draper against the Delaware State Grange Mutual Fire Insurance Company.

DEMURRER TO DECLARATION (No. 45, February Term, 1914). Demurrer sustained.

The averments of the first and third counts of the declaration are to the effect that the defendant made a contract of insurance with the plaintiff whereby it undertook and promised to "insure the plaintiff against loss or damage" resulting from

destruction by fire or lightning of "certain property in the said agreement or policy named and described," and that thereafter "the property in said policy insured was damaged or destroyed by fire," without stating that at the time of the fire as well as at the time of the making of the contract, the plaintiff had an insurable interest in the property insured and destroyed.

In the second count there is an averment that the plaintiff "was interested in the insured premises," but the relation of this averment to the context makes it apparent that the interest averred was an interest of the plaintiff at the time of the inception of the contract; this count like the other two being silent as to an interest of the plaintiff in the property at the time of its destruction by fire.

The ground of demurrer is that while the plaintiff has stated a contract of insurance between herself and the defendant and has alleged the destruction by fire of the property described in the policy, she has failed to show a right of recovery because she has failed to disclose that she had an insurable interest in the property described therein, either at the inception of the contract or at the time the property was destroyed.

WOOLLEY, J., after making the above statement, delivered the opinion of the court:

[1, 2]  In order for a party to recover on a contract of insurance, two things are necessary to be proven: *First*, the existence of a valid contract; and, *second*, the occasion that fixes liability thereunder.  A contract of insurance against loss or damage to property is a contract of indemnity.  It is an undertaking on the part of the insurer, based upon sufficient consideration to pay the insured a certain sum of money upon the happening of a certain contingency.  The contingency, in the contract here sued upon, is loss occasioned the plaintiff by fire to the property described in the contract.

[3]  A contract of insurance is essentially a personal contract.  *Traders' Ins. Co. v. Newman*, 120 *Ind.* 554, 22 *N. E.* 428. It is not a contract to insure property against fire, but is one to insure the owner of property against loss by fire.  Destruction

Opinion.

by fire of the property described in the contract of insurance is not the contingency upon which the insurer promises to indemnify the insured. It is only when by fire the insured has sustained a loss that the insurer may be called upon to perform its contract of indemnity.

[4] As it is quite impossible for the insured to sustain a loss to property by fire unless he has an interest in the property, and as he may recover only when he has sustained a loss, it is now recognized that in actions upon contracts of fire insurance, excepting in certain classes, as in marine insurance, the existence of an insurable interest on the part of and the consequent loss sustained by the insured, must be shown and proved before he can recover.

The insurable interest in property of one claiming indemnity for its loss by fire must first be shown to have existed at the inception of the policy, or to have legally subsisted during the risk (*Hooper v. Robinson*, 98 *U. S.* 528, 25 *L. Ed.* 219), and then to have existed at the time of the loss.

[5] If no insurable interest of the insured in the property can be shown at the time of its destruction, he, of course, can show no loss, and if he shows no insurable interest at the inception of the contract or during the risk, he fails to disclose a valid contract of insurance. A contract of insurance is a contract of indemnity, and its object is to avert a loss rather than to allow a gain. A policy of insurance against loss of property in which the insured has no interest, therefore, amounts to a wager, and wager policies are void upon the ground that they are contrary to public policy.

It becomes necessary, therefore, in an action upon a contract of fire insurance, for the insured to prove as facts, that he had an insurable interest in the property injured or destroyed, at a time when under the terms of the contract, the insurer was legally bound to indemnify the insured for loss when it happened, and that he also had an insurable interest in the property at the time of the loss. As these facts must be proved before recovery may be had, they must be averred before proof of them is allowed. *Cooley's Briefs on the Law of Insurance*, 85, 87, 135, 137, 138,

139, 141, 143; 19 *Cyc.* 583, 591, 920; *Freeman v. Fulton, etc., Co.,* 38 *Barb.* (*N. Y.*) 247; *Harness v. National Fire Ins. Co.,* 62 *Mo. App.* 245; *Quarrier v. Peabody Insurance Co.,* 10 *W. Va.* 507, 27 *Am. Rep.* 582; *Scott v. Phoenix Ins. Co.,* 65 *Mo. App.* 75; *German Ins. Co. v. Everett* (*Tex. Civ. App.*) 36 *S. W.* 125; *Davis v. New England Ins. Co.,* 70 *Vt.* 217, 39 *Atl.* 1095; *Vernon Ins. Co. v. Bank,* 29 *Ind. App.* 678, 65 *N. E.* 23; *Hardwick v. State Ins. Co.,* 20 *Or.* 547, 26 *Pac.* 840; *Chrisman v. State Ins. Co.,* 16 *Or.* 283, 18 *Pac.* 466; *Prussian National Ins. Co. v. Peterson,* 30 *Ind. App.* 289, 64 *N. E.* 102; *Bryan v. Farmers'Mututal Ins. Ass'n,* 81 *App. Div.* 542, 81 *N. Y. Supp.* 145.

The demurrer is sustained to all counts of the declaration.