[Civ. No. 4270. First Appellate District, Division One.—September 28, 1922.]

KATHARINE McGOWAN, Respondent, v. BURG BROS. (a Corporation), Appellant.

[1] CONTRACTS—CONVEYANCE OF LOTS — CONSTRUCTION OF APARTMENT HOUSE—TENDER OF PERFORMANCE—RESCISSION.—Where a real estate corporation, to further the sale of a subdivision which it had acquired, contracted with an individual to convey to the latter four lots in consideration of the construction by the latter of an apartment house of a certain value on such lots, and the individual agreed to execute and deliver in escrow her deed reconveying the lots to the corporation upon the understanding that the deed was

---

1. Right to rescind or abandon a contract for nonperformance on the part of the vendor, notes, **Ann. Cas.** 1916D, 1154; 30 **L. R. A.** 33.

to be surrendered if the apartment house was not built within the agreed time, and the corporation actually conveyed only three lots, and agreed to convey the fourth lot within thirty days, but failed to do so, tender of performance on the part of the individual was not required before action to rescind the contract.

[2] EVIDENCE—VALUATION OF PROPERTY—TESTIMONY OF OWNER—PROOF OF QUALIFICATION ON CROSS-EXAMINATION.—Error in permitting an owner of real property to testify as to its market value without first showing proper qualification is cured by testimony on cross-examination bringing out the facts upon which the witness based her opinion.

[3] ID.—VALUE—QUALIFICATIONS OF OWNER.—An owner of real property in order to testify as to its value is not required to prove his qualifications in the same degree as a stranger.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

William T. Kearney and Edward C. Harrison for Appellant.

Greene & Sinclair and Thos. H. Reed for Respondent.

TYLER, P. J.—This action was brought to recover the sum of $2,000 alleged to have been paid to defendant, together with the value of certain real property conveyed to it on account of the purchase price of certain lots. Plaintiff recovered judgment for the sum of $7,000, and defendant appeals.

The case presents the situation of plaintiff being stripped of her possessions, the evidence disclosing the fact that the whole transaction here involved amounted to nothing more than a scheme of actual fraud and deceit, though not so charged, plaintiff contenting herself with merely alleging a failure of consideration for her payment and transfer.

The facts as disclosed by the record show that an unconscionable advantage was taken of plaintiff incompatible

---

3. Owner as qualified to testify as witness to the value of property, note, 8 Ann. Cas. 832.

with the idea of honesty and fair dealing. They are as follows:

Defendant Burg Bros. is a corporation engaged in the real estate business; E. J. and C. H. Burg are brothers, and practically control the corporation. In the conduct of such business defendant corporation acquired a tract of land in Richmond, Contra Costa County, for sale and subdivision. The corporation had in its employ for a number of years as a salesman one O. W. H. Pratt. To further the sale of this particular subdivision it instructed Pratt and its other agents to offer three lots free of charge to any person who would at his or her own expense construct an apartment house thereon at a cost of not less than $18,000. To carry out this scheme defendant secured title from the owner of the tract of three designated lots. A person willing to take advantage of the offer was found, but after installing a foundation he abandoned the project. Thereupon defendant concluded to offer four lots for the same purpose and upon the same terms.

On or about the sixteenth day of November, 1916, Pratt approached Katharine McGowan, the plaintiff herein, and proposed to her that she take such lots, but misrepresented to her the terms upon which the property could be acquired. He failed to disclose to her that defendant was willing to convey the lots to anyone without charge who would make the required improvement, but, on the contrary, informed plaintiff that the corporation wanted the sum of $7,000 for the property. Pratt had, previous to this time, sold for plaintiff a lot owned by her in Berkeley, for the sum of $1,200, and had received the further sum of $450 from her, which, together with the sale price of the Berkeley lot, he reinvested in two lots situated in Richmond. Pratt informed plaintiff that he had sold these Richmond lots for her, and had in his possession the sum of $2,000, the proceeds received therefrom. Plaintiff was advised by Pratt that defendant would accept this sum, together with a conveyance by her of a piece of property she owned in Los Angeles, and which she valued at the sum of $5,000, in exchange for the four lots. In the form given by Pratt plaintiff accepted the offer, and she thereupon, in pursuance thereof, conveyed to one W. F. Faulk-

ner, sales agent of defendant, this real property in Los
Angeles.

In further consummation of the transaction the parties
entered into and executed an agreement reciting that Burg
Bros. had conveyed to plaintiff the four lots in question,
and that she had executed and delivered to one A. Sut-
ter, in escrow, her deed reconveying said lots to Burg Bros.
upon the understanding that if she did not within 120 days
from date of the agreement erect an apartment house of
the value $18,000 upon the property, Sutter, the escrow
agent, was to surrender the deed to Burg Bros.

Another condition of the agreement provided that in the
event of a violation by plaintiff of any of its provisions,
that Burg Bros. was entitled, upon five days' notice to Miss
McGowan, to take possession of the premises and the lots
were thereupon to revert to them.

Concurrently with the execution of this agreement an-
other contract was entered into between the same parties
which recited that Burg Bros. had actually only deeded
to plaintiff three of the four lots specified, and they
agreed, within thirty days from January 5, 1917, to deed
to her the fourth lot. Thereafter plaintiff made repeated
demands upon defendant to make such conveyance in
conformity with this agreement. Burg Bros., however,
never tendered to Miss McGowan a deed to this lot within
the time limited in the agreement, and in fact never
tendered the same to her at all, in consequence of which
plaintiff refused to go on with her contract.

Thereafter, and on or about the fifteenth day of May,
1917, notwithstanding its failure to tender this deed, and
ignoring the demands therefor by plaintiff, Burg Bros. took
down from the escrow agent the deed to the three lots left
in escrow by plaintiff, without giving her the five days or
any notice required by the agreement.

Prior thereto, and shortly after the agreements above re-
cited were entered into between the parties, Pratt hurried
to Los Angeles and made a quick sale of the property con-
veyed by plaintiff to Faulkner, defendant's sales agent,
for the sum of $3,500, but which he claimed after paying
certain expenses netted him but $3,295. At the same time
he acquired title to another lot owned by plaintiff in Los
Angeles, but which is not involved in this controversy.

[1] Counsel for defendant, while admitting that plaintiff has been defrauded, assigns various grounds for reversal of the judgment. It is first contended that the findings are insufficient to support the judgment for the reason that there is no determination of tender of performance on the part of the plaintiff. A complete answer to this contention is that no tender was required to be made by her to the escrow agent until the deed to the fourth lot was tendered by defendant. Plaintiff was unable to make a tender of such deed to that agent until she herself had received one from defendant.

Insufficiency of the evidence to sustain the findings is also alleged. It is claimed that the evidence falls far short of proving that Pratt was acting as the agent of Burg Bros. in the transaction of his business with Miss McGowan.

At the time of the oral argument of the case it was conceded by respondent that there might be some merit in this contention in so far as it related to the sale of the lot in Berkeley and the lots in Richmond which Pratt had disposed of for plaintiff's account, and in order to prevent further delay counsel for respondent consented to a modification of the judgment in the sum of $2,000, the amount covering these transactions. With reference to the sale of the Los Angeles property, however, the evidence is sufficient to show that Pratt was the agent of defendant. Aside from his testimony upon the subject, even assuming it to have been inadmissible, the sales agent Faulkner and E. J. Burg, the secretary and manager, both testified that Pratt was the agent of the corporation, and the evidence of the entire transaction shows conclusively that he was acting as such in making the sale. The alleged error in admitting Pratt's testimony to this effect was therefore harmless.

Complaint is also made that the evidence also fails to show that any of the money or property here claimed was received by defendant. It is true that E. J. Burg so testified, but even assuming his testimony to be true, it avails defendant nothing, for as above recited both Pratt and Faulkner were the agents of the corporation in the transaction, and the corporation was liable for their acts. Aside from this the evidence shows that Burg was familiar

at all times with the entire transaction, and that the corporation did receive at least a portion of the proceeds derived from the sale of the Los Angeles property. There is therefore no merit in this claim.

[2] The same may be said of the further contention that the evidence is insufficient to prove the value of this property. Proof was made of the price which the parties put upon the property in making the exchange. The amount for which the property was sold at forced sale was shown, as was also the estimate of the market value put upon it by plaintiff. It is true that in actions of this character a plaintiff is not entitled to treat the amount for which the property was taken in exchange as a payment, as its value, but is limited in his recovery to the actual market value of the property at the time of the transaction. (*Blahnik* v. *Small Farms etc.*; 181 Cal. 379 [184 Pac. 661].) Nor does the price obtained at a forced sale as here determine such value. (*Montgomery* v. *Sayre*, 100 Cal. 182 [38 Am. St. Rep. 271, 34 Pac. 646].) We have, however, remaining the testimony of plaintiff herself that the market value of the property was $5,000. While this testimony was objected to and should have been rejected for the reason that the witness had not qualified, no proper foundation having been made to show knowledge on her part upon this subject, counsel for defendant himself cured the error. On cross-examination he brought out the facts upon which plaintiff based her opinion. She testified, in response to his questions, that the property had cost her $3,250 some six years prior to the trial, that she had expended further sums for street work, which brought this cost up to about $4,300, and that she had been offered $4,500 for the same. This testimony on her part as owner shows that she was familiar with its value and qualified to testify upon the subject.

[3] An owner of property is not required to prove his qualifications in the same degree as a stranger. (*Port Townsend Southern Ry. Co.* v. *Nolan*, 48 Wash. 382 [93 Pac. 528].)

And finally, it is contended that the evidence shows that plaintiff repudiated her contract. We do not so understand it. On the contrary, it does show beyond question that she at all times during the life of the contract de-

manded a deed to the fourth lot, which was never tendered to her. We do not deem further discussion of the case necessary.

Other questions have been raised for the first time upon oral argument, a discussion of which would answer no useful purpose. It is plain that defendant breached its contract in not tendering its deed to the lot as it was required under its contract to do, and withdrew its reconveyance from the escrow agent without giving plaintiff the five days' notice required to be given her, notwithstanding that she was not in default. A forfeiture cannot be enforced in this manner.

For the reasons given the judgment is modified by striking therefrom the sum of $2,000, together with interest on such sum. As so modified it will stand affirmed.

St. Sure, J., *pro tem.*, and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 8, 1922.

All the Justices present concurred.