## HARTFORD FIRE INS. CO. v. SMITH.

No. 16606.   Opinion Filed Nov. 26, 1929.

Rehearing Denied Jan. 14, 1930.

Commissioners' Opinion, Division No. 1.

F. A. Rittenhouse, John F. Webster. and Frank E. Lee, for plaintiff in error.

Wm. S. Rogers and P. D. Busby. for defendant in error.

TEEHEE, C. In the trial court the parties in this cause occupied reverse positions, and accordingly they will be so referred to here.

Plaintiff's action is predicated on a con-tract of insurance. In his petition, omitting formal parts, plaintiff alleged:

"That on the 3rd day of May, 1923, the defendant, for a valuable consideration paid to it by the plaintiff, to wit, $55.50, executed and delivered to plaintiff its certain policy of insurance in the sum of $1,000, insuring against loss by theft and other perils, for a period of 12 months from date, a certain automobile owned by the plaintiff, to wit: One 1917, Model 57, Cadillac roadster; factory of serial number E-57-L-56, Motor number L-5766; that a copy of said policy of insurance so executed and delivered is attached hereto marked 'Exhibit A,' and made a part of this petition.

"That thereafter, on the — day of May, 1923, while said policy of insurance was in full force and effect, said automobile was stolen from the plaintiff, has never been recovered, and thereby became a total loss; that its reasonable cash market value at the time it was stolen was $1,500.

"That plaintiff has complied with all of the terms and conditions of said policy of insurance on his part except that provision relative to filing a verified proof of loss in writing, which provision is alleged to have been waived by the defendant; that upon discovering his loss, he immediately notified the defendant thereof, and demanded payment; that the amount due plaintiff under said policy is past due and unpaid; that the defendant failed and refused to pay plaintiff for his loss before the expiration of 60 days thereafter upon other and different grounds than the failure of plaintiff to file a verified proof of loss in writing, and thereby waived the filing thereof; that the exact grounds for such refusal are unknown to the plaintiff, but he is informed and believes, and so alleges, that such refusal was on the ground that the plaintiff was guilty of collusion with the party or parties responsible for the disappearance of said automobile and that the same was not in fact stolen, but was stored somewhere in Tulsa county, Okla. Plaintiff alleges that his loss was bona fide and without fault on his part."

Judgment was prayed in the amount of the policy. To the petition defendant demurred, to wit:

"That said petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant. ,

"That said petition shows on its face that no proof of loss was ever filed and does not allege facts sufficient to constitute a waiver of the filing of proof of loss."

Upon adverse ruling on the demurrer, defendant answered, in substance, by denial, and, further, failure of plaintiff to file proof of loss according to the terms of the con-

tract of insurance which defendant did not waive; that, if liable, its liability could not exceed three-fourths of the value of the property at the time of loss; that the loss was occasioned by means not insured against by reason whereof its liability under the terms of the contract of insurance was released; and that plaintiff practiced fraud upon it in that he misrepresented the value of the property insured through concealment of the true value from defendant's agent from whom plaintiff secured the insurance through a broker acting at the instance of plaintiff on such misrepresentations, by reason whereof the conditions of the contract of insurance were by plaintiff breached, and thereby recovery thereon was precluded. Plaintiff by reply denied all new matter contained in the answer.

Trial to the court without a jury was had. At the commencement thereof defendant interposed objection to the introduction of evidence for that the petition did not state a cause of action, and moved for judgment on the pleadings on like grounds, which were by the court overruled and denied. At the conclusion of plaintiff's evidence, defendant demurred thereto on like grounds, which was also overruled. At the conclusion of the hearing the court found the issues for plaintiff, and rendered judgment of recovery against defendant in an amount less than the face of the policy and fixed by the court as being three-fourths of the property value at the time of loss, and the costs in the case.

For a reversal of the judgment, defendant first complains that the court erred in holding that plaintiff's petition stated a cause of action. Hereunder defendant contends that the petition was fatally defective in that there was a want of a requisite allegation of insurable interest of plaintiff in the property at the time of the alleged loss, citing Harness v. National Fire Insurance Co., 62 Mo. App. 245; Phenix Ins. Co. v. Moffit (Ind. App.) 51 N. E. 948; Draper v. Delaware State Grange Mutual Fire Ins. Co., 28 Del. 143, 91 Atl. 206; Northwestern National Insurance Co. v. Southern States P. & F. Co., 20 Ga. App. 506, 93 S. E. 157; Aetna Insurance Co. v. Kittles, 81 Ind. 96; and other cases, all of which are to the effect that in an action on a policy of insurance, the petition must show that the plaintiff had an insurable interest at the time of the loss, otherwise the same is fatal on demurrer, and thus state a well established rule. If the petition therefore failed to allege a fact essential to a recovery, defendant's contention must be sustained. Reddick.

v. Webb, 6 Okla. 392, 50 Pac. 363; Security Ins. Co. v. McAlister, 90 Okla. 274, 217 Pac. 430.

In the particular case under consideration, the petition alleged that, on May 3, 1923, defendant insured "against loss by theft * * * for a period of 12 months from date, a certain automobile owned by plaintiff (description); that a copy of said policy of insurance so executed and delivered is attached hereto marked 'Exhibit A.' and made a part of this petition. That thereafter, on the ——day of May, 1923, while said policy of insurance was in full force and effect, said automobile was stolen from the plaintiff, has never been recovered, and thereby became a total loss; that its reasonable cash market value at the time it was stolen was $1,500."

By the terms of the policy, it was provided that the same would be void "if the interest of the assured in the subject of insurance be other than unconditional and sole ownership; or, in case of transfer or termination of the interest of the assured other than by death of the assured; or, in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise; or, if this policy. or any part thereof shall be assigned before loss."

Plaintiff's demurrer was general, and thus admitted as true that plaintiff owned the automobile, and that it was stolen from plaintiff while the policy was in force. It may be that allegation of ownership of the property at the time of loss was not as specific as another would have pleaded ownership in such case; even so, we think the language of the pleader is sufficiently clear to show ownership within the rule as expressed in Northwestern National Insurance Co. v. Woodward (Tex. Civ. App.) 45 S. W. 185, to wit:

"A complaint in an action on an insurance policy which fails to allege that plaintiff was the owner of the premises at the time they were destroyed is good on general demurrer, where such ownership can be inferred from other facts alleged. * * *

"That insured had an insurable interest in the premises at the time they were destroyed can be inferred from an allegation in the petition stating that the loss happened under circumstances rendering defendant liable on the policy."

The ruling of that case was followed and approved in the later cases of Liverpool & London & Globe Ins. Co. v. McCollum (Tex. Civ. App.) 149 S. W. 775, and Miller's In-

demnity Underwriters v. Boudereaux (Tex. Civ. App.) 245 S. W. 1025. See, also, Farley v. Western Assurance Co., 62 Ore. 41, 124 Pac. 199.

The principle of the rule above quoted obtains recognition in this state: Wyatt v. Marinoff, 131 Okla. 134, 268 Pac. 224. In that case it was contended that the petition was fatal for failure to allege nonpayment of damages under an injunction bond. The court held:

"Where a petition in an action on an injunction bond does not expressly allege nonpayment of the damages accruing thereunder, but contains allegations from which nonpayment may be implied, it is sufficient to withstand attack by a general demurrer based on the ground of insufficiency to state a cause of action for want of such express allegation."

As pointed out, there was a distinct allegation that plaintiff was the owner of the automobile insured, and that the property was stolen from him while the policy of insurance was in force. By its terms the policy could not have been in force unless plaintiff was the owner of the property at the time of theft. We are of the opinion that the petition sufficiently alleged an insurable interest at the time of loss to withstand defendant's demurrer thereto.

All of the other assignments of error, namely, admission of incompetent evidence, overruling of defendants' demurrer to plaintiff's evidence, rendition of judgment for plaintiff, and denial of defendant's motion for a new trial, may properly be resolved into the general proposition of the insufficiency of the evidence to sustain the judgment. These, therefore, will be considered together for the evidence complained of practically constitutes the gist of the material proof in the case on which the judgment rests.

Thus proceeding, defendant first complains of the incompetency of plaintiff's own testimony as to the value of the property involved at the time of loss, on the theory that plaintiff was not first qualified as an expert upon automobile values. Defendant's contention is argumentative only and without supporting authorities. The gist of plaintiff's own testimony in this relation was that he had owned several automobiles; that the automobile insured cost a certain sum; that he knew the valuation placed on a like model by an automobile concern; and that he was measurably familiar with and understood the importance of the mechanism of an automobile, and the cost of certain equipment, and had paid out certain sums for repairs. In McGowan v. Burg Bros., 59 Cal. App. 219, 210 Pac. 545, it is said:

"An owner of property is not required to prove his qualifications, in order to testify as to the value of property, in the same degree as a stranger."

In these circumstances it is sufficient to say that the owner of a chattel is a competent witness to give in evidence what he considers to be the value of such property where his valuation is based on ownership of other like property, the cost of the particular property, and value of like property owned by another, as was the case here. See Molten v. Globe Mutual Life Insurance Co., 36 S. D. 339, 154 N. W. 830; Daken v. Queen City Fire Insurance Co., 59 Ore. 269, 117 Pac. 419; 2 Jones on Evidence (2nd Ed.) 320, par. 704.

Defendant next complains of the incompetency of the testimony given by plaintiff, and plaintiff's witness, Chase, as to the circumstances under which the policy of insurance was issued, on the theory that Chase was not its agent and whatever was said and done through him was not binding on defendant, and a further objection hereinafter noticed. In brief, plaintiff testified that Chase, of the firm of Chase & Freeman, solicited the insurance, and that he received the policy through that firm. At the time he pointed out the automobile, which Chase inspected, who in turn gave the information thus secured to defendant's agent, Harrison, who thereupon issued the policy. Chase testified that his concern did not write automobile insurance, and that Harrison wrote all such insurance solicited by his firm.

By section 6723, C. O. S. 1921, it is provided:

"Any person who shall solicit and procure an application for insurance shall, in all matters relating to such application for insurance and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever."

This provision was considered by this court in Liverpool & London & Globe Insurance Co. v. McLaughlin, 70 Okla. 237, 174 Pac. 248. It was there held:

"Any person who solicits insurance and procures application therefor in all matters relating to said applicant and the policy issued, is the agent of the company issuing the policy, and not the agent of the insured."

It is true that later another of plaintiff's

witnesses, Harrison, the issuing agent of the policy, testified that Chase & Freeman were not employed by him although he did issue policies on automobiles solicited by them, including the policy here involved. This assertion could not effect a change of the law. The court therefore did not err in the admission of this evidence.

Another objection raised by defendant against this particular evidence goes to defendant's plea that plaintiff misrepresented the value and condition of the automobile, on which misrepresented facts the policy of insurance was issued, whereby defendant contends the policy was void. The value of the automobile was not contained in the policy, it being in effect stated that the insured did not remember the cost thereof. The condition of the property was described as being new. It was shown at the trial that the automobile was a used car with its value according to several witnesses fixed at less than the amount of the insurance which, under the terms of the policy, may be treated as being three-fourths of its value at the time of issuance of the policy. If it be considered that the court in effect found the value to be less than the amount of the insurance from the fact that the court found $700 to be three-fourths of the value at the time of loss, in the circumstances of the case, such variance in either respect would not be available as a defense.

As indicated, the solicitor made a personal inspection of the automobile and furnished the information secured to the issuing agent of defendant, which, under the law above cited, rendered the inspection of the automobile and the information gained thereby the act and information of the defendant. Home Insurance Co. v. Whitchurch, 139 Okla. 1, 281 Pac. 234. In that case it was held.

"In an action on a fire insurance policy, where there is a misdescription of the property involved, and it appears that the insurer or his agent made an inspection and examination of the property and thereupon prepared the policy from the facts thus ascertained, such variance is not available as a defense."

The principle of that case furnishes a further reason why defendant cannot complain of the evidence in question. And we may add, though we do not rest our decision of the point upon that ground, that the evidence was also admissible in refutation of the allegation of defendant that plaintiff, acting through the solicitor, practiced fraud upon defendant in the issuance of the policy which was by plaintiff denied.

Defendant next complains of the incompetency of certain testimony of plaintiff's witness, Pacassi, in relation to a conversation had with defendant's adjuster given as evidence upon the issue or waiver of proof of loss. The gist of this conversation was a denial of liability by the adjuster. The occasion thereof was brought about by an attempted sale of an automobile by this witness to plaintiff with the policy of insurance as a part of the consideration. Because of this denial of liability, the proposed sale failed, and the policy returned to plaintiff. Defendant's objection to this testimony was based on the ground of noncommunication to plaintiff. The record does not show that plaintiff was informed of this denial of liability. Defendant's objection, therefore, should have been sustained. Merchants Ins. Co. v. Nowlin (Tex. Civ. App.) 56 S. W. 198; North British & Mercantile Ins. Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, 173 Pac. 845, 22 A. L. R. 398. However, the record shows that the trial court did not take into consideration this testimony in concluding the issues for plaintiff, for which reason its admission must be considered as harmless. Insurance Co. of N. America v. Cochran, 59 Okla. 200, 159 Pac. 247; Security Nat. Bank v. Martin, 113 Okla. 295, 241 Pac. 812. By these cases the rule is settled that:

"Where error is predicated upon the introduction of incompetent evidence, it must appear that the trial court relied upon such incompetent evidence before the case will be reversed; and, where the conclusions of fact and of law show that such evidence was not considered, its admission will be held not prejudicial."

In this relation defendant also complains of the incompetency of the testimony given in evidence by plaintiff's witness, Bland. This witness, an attorney, was employed by plaintiff to take up the question of settlement of his claim against defendant. The gist of this testimony was that upon engagement, witness advised plaintiff of the requirement to file proof of loss. He was informed either through a conversation with defendant's agent, Harrison, or by plaintiff, the source of his information not being clear, that the Southwestern Adjustment Company at Tulsa had charge of the matter. He called the adjustment company, "who evidently had the matter for adjustment," as he expressed it, and requested a blank form of proof of loss which was refused. He thereupon prepared a form which plaintiff executed and mailed this to the adjustment company. This was returned to him by mail. He did not recollect the reasons, if any, of return. This at-

tempted filing of a proof of loss was upon his advice, and was within the time stated in the policy to file such proof. He had several phone conversations with the adjustment company concerning the case, although he could not say with whom of the company he talked. He summed up his connection with the case as follows:

"I remember the occurrence very distinctly for two reasons: The first, as to the importance of making the proof of loss; the second, that I talked with one of the members of this adjustment agency on the telephone on more than one occasion. On the last occasion, he told me that this automobile had been stolen by Smith, that it was in a radius of some 20 or 30 miles of Tulsa, and that they knew where it was, and that they were just waiting for Smith to bring suit to have him arrested for the larceny of this car. Well, I will be frank and say to you that he about half way convinced me of his side of the story and I did not have anything more to do with the matter."

He was not certain that the last conversation was within the 60-day period stated in the policy of file proof of loss.

Defendant's objection to this testimony is that it was a variance, and that the proof prepared by the witness was the best evidence; that the conversations had were not a denial of liability and not shown to have been made within the 60-day period.

As to the first phase of this objection, the purpose of the testimony was not to establish the filing, nor the contents of the proof of loss prepared by the witness, but was to show an act or conduct of the adjustment company as defendant's agent contributory to the waiver relied on by plaintiff. Such evidence is always admissible. Gish v. Insurance Company of North America, 16 Okla. 59, 87 Pac. 869, 13 L. R. A. (N. S.) 826; Bailey v. Niagara Fire Ins. Co., 122 Okla. 53, 250 Pac. 918; Kerr v. Aetna Casualty & Surety Co., 124 Okla. 112, 254 Pac. 105; DiFrancesco v. Zurich General Accident & Liability Ins. Co., 105 Conn. 162, 134 Atl. 789. In the Gish Case, the rule of evidence is stated, to wit:

"It is always open for the insured to show a waiver of the conditions contained in a policy of fire insurance, or a course of conduct on the part of the insurer which gave him just and reasonable ground to infer that a forfeiture would not be exacted. * * *

"A waiver may be established by proof of such facts and circumstances as would reasonably result in that conclusion."

And in the DiFrancesco Case, to wit:
"Waiver, though involving the intentional

relinquishment of a known right, is a question of fact which may be established by direct evidence or by inference from all the surrounding circumstances."

The proffer of proof of loss was made upon advice of counsel in good faith. So far as the record shows, it was returned by defendant to plaintiff's counsel without pointing out any objections thereto. Good faith on the part of plaintiff required good faith on the part of defendant.

"When the insured, in good faith and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy as to proof of loss, good faith equally requires that the company shall notify him promptly of any objections thereto, so as to give him an opportunity to obviate them, and mere silence may so mislead him, to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel." Liverpool & London & Globe Ins. Co. v. Cargill, 44 Okla. 735, 145 Pac. 1134; Gould v. Dwelling-House Ins. Co., 134 Pa. St. 570; 6 Supplement Cooley's Briefs on Ins. 1478.

Cooley states the rule, to wit:
"An insurer, dissatisfied with the proof of loss furnished by insured, must notify insured of the objections, and afford him an opportunity to make corrections."

The statement credited to a member of the adjustment company in the last conversation this witness had with that concern was tantamount to a denial of liability arrived at after investigation of the case, and that this denial was not predicated upon the failure of the plaintiff to comply with any condition of the policy, but because of the criminality of plaintiff, as they were just waiting for plaintiff to file suit whereupon they would have him arrested for the larceny of the property involved. Under the conditions of voidability of the policy, and the circumstances here, the fact that this declaration was made after the time stated in the policy in which to file a proof of loss, did not affect its admissibility, provided it was made within the time to maintain the action. The policy was standard in form, and in its terms respecting the filing of proof of loss, the filing of suit thereon, and the conditions voiding the policy, these were substantially the terms and conditions contained in the policies involved in Nance v. Oklahoma Fire Ins. Co., 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426; Commercial Union Assur. Co. v. Shults, 37 Okla. 95, 130 Pac. 572; and Niagara Fire Ins. Co. v. Waters, 130 Okla. 128, 265 Pac. 759, wherein was recognized and applied the rule as stated in Hartford Fire

Ins. Co. v. Redding, 47 Fla. 228, 37 So. 62, 110 A. S. R. 118, cited in the Nance Case, to wit:

"The requirements in a standard insurance policy that the insured shall give notice and make proof of loss within a certain time are conditions precedent to the right to sue, but failure to comply with such requirements within the time stipulated does not avoid the policy or work a forfeiture in the absence of a stipulation in the policy to that effect. Such failure merely postpones the day of payment, provided notice is given and proof of loss is made within such time as will enable the insured to bring his suit within the time limited by the policy."

In Harp v. Fireman's Fund Ins. Co., 130 Ga. 726, 61 S. E. 704, 14 Ann. Cas. 299, the rule was expressed in this language, to wit:

"Where an insurance policy stipulates that proofs of loss must be furnished by the insured to the insurer within 60 days after the fire, but contains no express provision that the policy shall be void or forfeited upon failure to furnish proofs as required (the policy expressly declaring that the happening of certain other contingencies shall void it), and there are further provisions in the policy that the loss thereunder shall not be payable until 60 days after such proofs are furnished, and that no suit on the policy shall be sustainable until after full compliance by the insured with all its requirements, nor unless commenced within 12 months after the fire, held:

"The failure of the insured to furnish proofs of loss within 60 days from the fire will not work a forfeiture of the policy.

"The failure of the insured to furnish proofs of loss at least 60 days before the expiration of 12 months from the fire, unless there be a waiver of such proofs, will prevent the maintenance of a suit on such policy.

"Proofs of loss, in the absence of a waiver thereof, must be furnished within a reasonable time from the fire, or a suit on the policy cannot be maintained.

"An absolute refusal by the insurer to pay, made before the expiration of the reasonable time within which the insured must furnish such proofs, will be a waiver thereof; but such refusal made after such reasonable time has expired will not be a waiver of such proofs."

From these authorities it is very evident that, in an action on a policy of insurance, where denial of liability is relied on as a waiver of the filing of proof of loss, and the plea of waiver is not limited to the time stated in the policy in which to file such proof, evidence of a declaration of nonliability by the insurer or his agent of authority made after such stated period but within the time to maintain a suit on the policy, and such declaration is brought to the notice or knowledge of the insured, is competent and admissible. The loss occurred on May 20, 1923. The right of suit on the policy accrued upon the expiration of 60 days after the filing of proof of loss in the absence of waiver, or upon denial of liability within such period, but in any event suit must have been brought within 12 months of the loss. The action was filed on December 18, 1923, seven months after the loss, which was three months within the time to file proof of loss under the rule of postponement. An adjustment of loss under a policy of insurance is the settling and ascertaining of the amount of the indemnity which the insured is entitled to receive or the amount of the loss as so settled. Pennsylvania Fire Insurance Co. v. Draper, 187 Ala. 103, 65 So. 923; 26 C. J. 411, par. 530. An adjuster for an insurance company, to which has been referred a loss, under an insurance policy for adjustment by the insurer, has the authority to waive the filing of a proof of loss by the insured provided for in an insurance policy. Western Underwriters' Exchange v. Coon, 38 Okla. 453, 134 Pac. 22; Kerr v. Aetna Casualty & Surety Co., supra. Notice to and knowledge of an attorney acquired in the particular matter of his employment is notice to and knowledge of his client. 6 C. J. 638, par. 144. The declaration of nonliability by the adjustment company, having been made to plaintiff's counsel within the fulfilling period, was therefore competent and admissible in evidence.

We are not unmindful that this conclusion seemingly is in conflict with the rule relied on by defendant as expressed in Continental Insurance Co. v. Chance, 48 Okla. 324, 150 Pac. 114, and followed in American Nat. Insurance Co. v. Donahue, 54 Okla. 294, 153 Pac. 819, cited by defendant, and also followed in North British & Merc. Ins. Co. v. Lucky Strike Oil & Gas Co., 70 Okla. 146, supra, and perhaps other like cases, to wit:

"A provision in an insurance policy, requiring proof of loss to be furnished the insurance company within 60 days after the fire, is waived, should the company within said 60 days deny liability upon other grounds than failure to furnish proof of loss."

Upon examination of those cases, it will be found that such conflict is only seeming and not real. The determining facts therein under the pleadings were dissimilar to the facts of the case in hand, and the rule there applied was limited to the state of those cases, for which reason the rule thereof as

thus expressed cannot be regarded as controlling in this case.

Defendant further urges the insufficiency of the evidence to establish theft of the automobile on the ground that it negatived the conclusions of theft. Thereunder defendant calls to our attention the case of of American Insurance Co. v. Jueschke, 110 Okla. 250, 237 Pac. 585, wherein the evidence of theft was held to have been insufficient. Examination of that case will show a different state of facts, hence it is not here controlling. It is sufficient to say that the point is not well taken.

The sufficiency of the evidence to establish waiver is the pivotal question in this case. In this relation the facts above narrated must be considered in connection with other evidence in the record. It appears that, following his loss, plaintiff orally notified Freeman, of Chase & Freeman, who told him the matter would be taken care of. Someone at Chase & Freeman orally reported the loss to defendant's agent, Harrison, who in turn reported the loss to defendant. Defendant by letter instructed Harrison to turn the loss over to the Southwestern Adjustment Company for adjustment. By phone he called the adjustment company and advised it of the loss, and to "please adjust it." Discovery of the automobile by the adjustment company was made on May 31, 1923. We may fairly infer from the information given plaintiff's attorney by the adjustment company that this was the state of the case when the attorney sought settlement of plaintiff's claim. This being true, it is patent that no error was committed in overruling defendant's demurrer to the evidence, and nothing further need be said in relation to that point.

In Aetna Insurance Co. v. Jones, 64 Ind. App. 251, 115 N. E. 697, the rule of waiver, in the premise here involved, is stated in this language:

"While slight evidence is sufficient to show waiver of policy provision regarding time of making proof of loss, the acts constituting such waiver should be such as are reasonably calculated to make insured believe that compliance therewith was not desired, and that it would be of no effect, if requirements were observed by him." See, also, 33 C. J. 25, par. 683.

Applying the principles of the relevant cases to the act of the defendant, it is clear that when the loss was reported to it by its agent, Harrison, and it in turn instructed him to turn the case over to the South-western Adjustment Company for adjustment, which was done by Harrison with instructions to the adjustment company to adjust the loss, it then evidenced the waiver relied on by plaintiff. The later acts of the adjustment company in refusing the request for a form of proof of loss made by plaintiff's attorney, and its rejection of the proof of loss tendered by him, without any reason, indicated its refusal except that, as is to be fairly inferred, the adjustment company was waiting for plaintiff to file his suit in order that he might be arrested for the larceny of the property, were not only in corroboration of the waiver evinced directly by defendant, but also evidenced independent acts of waiver. These acts of the adjustment company cannot be explained except on the theory that from its investigation denial of liability had been decided upon at the time of the discovery of the automobile, and that this was not predicated upon failure to file proof of loss, but, as is clearly shown, upon the ground of alleged criminality of plaintiff.

In Ward v. Pacific Fire Insurance Co., 115 S. C. 53, 104 S. E. 316, the court made this pertinent observation:

"The courts are generally inclined to hold a fire insurer to the performance of his contract and to prevent, as far as it can be done, in reason and justice, an unfair reliance on his part upon technical conditions of the contract to defeat it because courts lean against forfeitures." See, also, 26 C. J. 411, par. 523.

Considering the case upon the whole record, therefore, we are of the opinion that there is competent evidence therein reasonably tending to support the finding of the issues in favor of plaintiff, for which reason, under the well-recognized rule, the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered:

Note.—See under (1) 14 R. C. L. p. 1430; R. C. L. Perm. Supp. p. 3844. (3) 14 R. C. L. p. 875; R. C. L. Perm. Supp. p. 3694. (7) 22 A. L. R. 407; 14 R. C. L. p. 1349; R. C. L. Perm. Supp. p. 3823. See "Appeal and Error," 4 C. J. §2982, p. 1000, n. 23. "Burglary and Theft Insurance," 9 C. J. §12, p. 1099, n. 55. "Evidence," 22 C. J. §683, p. 581, n. 98. "Insurance," 32 C. J. §128, p. 1053, n. 62; §601, p. 1333, n. 62; 33 C. J. §683, p. 25, n. 19; §848, p. 121, n. 21; §860, p. 128, n. 7.